UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

| | |
|---|---|
| IN RE: | MDL No. 2859 |
| ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYSFEMORAL HEAD PRODUCTS LIABILITY LITIGATION | 18-MD-2859 (PAC) 18-MC-2859 (PAC) |

*This Document Relates to:*
JAMES VIANIA
CASE NO.: 18-CV-09719

-------------------------------------------------------------------------x

1. Plaintiff(s), ___James Viania_____, state(s) and bring(s) this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2. Plaintiff(s) is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, __James Viania_____, is a resident and citizen of the State of __New York_____ and claims damages as set forth below.

4. ~~Plaintiff's Spouse, _____, is a resident and citizen of the State of _____, and claims damages as set forth below.~~  *~~[Cross out Spousal Claim if not applicable.]~~*

5. Venue of this case is appropriate in the United States District Court, _Eastern___

District of  New York    . Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, Eastern District of New York. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

6. Plaintiff brings this action *[check the applicable designation]*:

   X     On behalf of himself;

   ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____.  A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.   [Cross out if not applicable.]~~

**FACTUAL ALLEGATIONS**

ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*

7. ~~Plaintiff was implanted with a Versys Femoral Head in his right hip on or about _____ (date), at the _____~~

8. ~~Plaintiff was implanted with the following femoral stem during the _____ (date) implantation surgery:~~

   ~~_____     Zimmer M/L Taper~~

   ~~_____      Zimmer M/L Taper with Kinectiv Technology~~

9. ~~Plaintiff had the following right hip components explanted on or about _____ components at issue. [Cross out if not applicable.]~~

2

~~_____        Versys femoral head~~

~~_____        Zimmer M/L Taper~~

~~_____        Zimmer M/L Taper with Kinectiv Technology~~

~~[*Cross out if not applicable.*]~~

10. ~~Plaintiff will have the right hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

~~[*Cross out if not applicable.*]~~

11. ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue.~~   ~~[*Cross out if not applicable.*]~~

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE*]

12. Plaintiff was implanted with a Versys Femoral Head in his left hip on or about March 2, 2010, at the St Joseph Hospital/New Island Hospital, in Bethpage, NY, by Carlos Montero, M.D.

13. Plaintiff was implanted with the following femoral stem during the March 2, 2010 implantation surgery:

_____        Zimmer M/L Taper

__X__        Zimmer M/L Taper with Kinectiv Technology

14. Plaintiff had the following left hip components explanted on or about April 4, 2014, at Winthrop-University Hospital, Mineola, New York, by Dr. Gregory Sirounian:

__X__        Versys femoral head

_____        Zimmer M/L Taper

__X__        Zimmer M/L Taper with Kinectiv Technology

15. Plaintiff will have the left hip components at issue explanted on or about

~~_____, at _____ (medical center and address) by Dr. _____.~~ *[Cross out if not applicable.]*

~~16.~~ ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip components at issue.~~ *[Cross out if not applicable.]*

## ALLEGATIONS AS TO INJURIES

17. (a) Plaintiff claims damages as a result of (check all that are applicable):

\_\_X\_\_           INJURY TO HIMSELF

_____           ~~INJURY TO THE PERSON REPRESENTED~~

_____           ~~WRONGFUL DEATH~~

_____           ~~SURVIVORSHIP ACTION~~

\_\_X\_\_           ECONOMIC LOSS

(b) ~~Plaintiff's spouse claims damages as a result of (check all that are applicable):~~ *[Cross out if not applicable.]*

_____           ~~LOSS OF SERVICES~~

_____           ~~LOSS OF CONSORTIUM~~

18. Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19. Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

4

*[Cross out if not applicable.]*

20. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

21. Due to the nature of the defect, Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff(s).

**<u>CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY</u>**

22. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

    _X_    COUNT I - NEGLIGENCE;

    _X_    COUNT II - NEGLIGENCE PER SE;

    _X_    COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    _X_    COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    _X_    COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

    _X_    COUNT VI - BREACH OF EXPRESS WARRANTY;

    _X_    COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

    _X_    COUNT VIII - BREACH OF IMPLIED WARRANTIES;

    _X_    COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS

    _X_    COUNT X –NEGLIGENT MISREPRESENTATION

    _X_    COUNT XI- FRAUDULENT CONCEALMENT

    _X_    COUNT XII - UNJUST ENRICHMENT

    _____            ~~COUNT XIII – LOSS OF CONSORTIUM~~

    _____            ~~COUNT XIV – WRONGFUL DEATH~~

    _____            ~~COUNT XV- SURVIVAL ACTION~~

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

    \_\_X\_\_            PUNITIVES DAMAGES

    _____            OTHER: _____

                                          _____

                                          _____

                                          _____

                                          _____

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. Exemplary damages;

6. For restitution and disgorgement of profits; and,

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: _March 21, 2019                                     Respectfully submitted,


                                                          BY: /s/ Joseph A. Osborne, Esq.
                                                          **Joseph A. Osborne, Esquire**
                                                          Florida Bar No.: 880043
                                                          *Josborne@realtoughlawyers.com*
                                                          **Andrew Norden, Esquire**
                                                          Florida Bar No.: 808121
                                                          *ANorden@realtoughlawyers.com*
                                                          **Ami Rebecca Romanelli, Esquire**
                                                          Florida Bar No.: 58258
                                                          *ARomanelli@realtoughlawyers.com*
                                                          OSBORNE & FRANCIS, PLLC
                                                          433 Plaza Real Blvd., Suite 271
                                                          Boca Raton, Florida 33432
                                                          (561) 293-2600
                                                          (561) 923-8100, facsimile